UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENERAL WILLIAMS,

    Petitioner,

v.                                                 CASE NO. 6:11-cv-1162-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the amended petition (Doc. No. 7), the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply (Doc. No. 22) to the response.

Petitioner alleges three claims for relief in his habeas petition. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

I.    *Procedural History*

Petitioner was charged with trafficking in hydrocodone (count one), trafficking in oxycodone (count two), possession of a firearm by a convicted felon (count three), possession of codeine (count four), and possession of methadone (count five) (App. A).

After a jury trial, Petitioner was convicted on January 24, 2008, as charged of counts one, two, four, and five (App. D). The State entered a nolle prosequi with respect to count three (App. E). The trial court sentenced Petitioner to a twenty-year term of imprisonment for count one, to a fifteen-year term of imprisonment for count two, and to time served for counts four and five. *Id.* Petitioner appealed, and on October 21, 2008, the Fifth District Court of Appeal affirmed *per curiam* (App. K).

On December 10, 2009,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. M). The trial court summarily denied Petitioner's claims (App. O, Q). The Fifth District Court of Appeal affirmed *per curiam* on December 14, 2010 (App. U). Mandate was issued on January 5, 2011 (App. V). On September 16, 2010, Petitioner filed a motion for extension of time to file a Rule 3.850 motion (App. W). The trial court denied the motion, noting that a second 3.850 motion would be successive (App. X). Petitioner appealed, and on February 15, 2011, the appellate court affirmed *per curiam* (App. Z). Mandate issued on March 9, 2011 (App. AA). Petitioner filed his initial federal habeas petition on July 11, 2011 (Doc. No. 1).

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance of Petitioner's conviction and sentence on October 21, 2008. Petitioner then had ninety days, or through January 19, 2009, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3).[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final

---

[2]The Supreme Court of the United States recently held in *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-56 (2012), that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari. Although Petitioner did not seek review with the

on January 19, 2009, and Petitioner had through January 19, 2010, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on December 10, 2009. A total of 325 days of the one-year limitations period elapsed before Petitioner filed this motion. The time for filing a federal habeas petition was tolled from December 10, 2009, through January 5, 2011, the date the mandate was issued on appeal from the denial of the Rule 3.850 motion. Petitioner had 40 days remaining of the one-year limitations period, or until February 14, 2011, in which to file his federal habeas petition. The instant federal habeas petition, filed on July 11, 2011, is untimely filed.

The Court is aware that Petitioner filed a motion for extension of time to file a Rule 3.850 motion in the trial court on September 16, 2010. However, this motion was not a properly filed application for state post-conviction relief pursuant to *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). *See Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) (holding a motion for extension of time to file a post-conviction motion is not a properly filed application for post-conviction relief). Thus, the motion did not toll the one-year limitations period, and

---

Supreme Court of Florida, the Court finds that *Gonzalez* is distinguishable because in Florida, the Supreme Court does not have jurisdiction to review a district court's *per curiam* decision on direct appeal. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Thus, because filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, Petitioner was not required to file such a petition in order for 90 additional days of the one-year limitations period to be tolled.

the limitations period expired on February 14, 2011. Accordingly, Petitioner's federal habeas petition is untimely.

### III.    *Equitable Tolling*

To overcome his untimely filing, Petitioner argues that he is entitled to equitable tolling because counsel's egregious conduct prevented him from filing a timely habeas petition (Doc. No. 22 at 2). The Supreme Court of the United States held, in *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), that a petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

In support of his equitable tolling argument, Petitioner maintains that he hired post-conviction counsel Natalie Hall ("Hall") to represent him on appeal and in his post-conviction proceedings. *Id.* Petitioner alleges that Hall "promised that she would protect his Federal rights to habeas review by filing an early state post-conviction motion leaving him with enough time to prepare and file a timely writ of habeas corpus in the Federal court . . . ." *Id.* Petitioner states that he was unaware that counsel "breached the verbal agreement" until he read the State's response in this case. *Id.* Petitioner admits that after Rule 3.850 proceedings terminated in the state court he still had 40 or 50 days of the one-year limitations period remaining to file a federal habeas petition. *Id.*

The *Holland* Court held that "garden variety" claims of negligence or excusable neglect, such as a simple miscalculation that leads to a lawyer missing a filing deadline,

does not warrant equitable tolling. 130 S. Ct. at 2564. The Court further stated, however, that more serious cases of egregious attorney misconduct may constitute "extraordinary circumstances" such that equitable tolling can be applied. *Id.* The Court in *Holland* concluded that the petitioner had acted diligently where he "wrote his attorney numerous letters seeking crucial information and providing direction" and "repeatedly contacted the state courts, their clerks, and the Florida Bar Association in an effort to have [the attorney] removed from his case." 130 S. Ct. at 2565.

Unlike *Holland*, in the instant case there is no evidence to suggest that Petitioner exercised reasonable diligence. Petitioner does not allege that he contacted post-conviction counsel or the state court to determine whether a Rule 3.850 motion had been filed. Although Petitioner states that he hired post-conviction counsel in order to protect his rights, the mere hiring of post-conviction counsel is insufficient to demonstrate due diligence. *George v. Sec'y, Dep't of Corr.*, 438 F. App'x 751, 753-54 (11th Cir. 2011). Petitioner also alleges that he had a conversation with Hall in which she indicated she would preserve his federal right to file a timely federal habeas petition. Nevertheless, the Court cannot conclude "on the basis of this one vague and unsubstantiated statement" that Petitioner acted diligently in this case. *Id.* at 753 n.4.; *see also Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072-73 (11th Cir. 2011) (holding the appellant did not demonstrate he acted diligently to preserve his rights where there were no allegations that appellant ever contacted his attorney or the state court about his case or that he attempted to have his attorney removed from the case).

The Court's conclusion is bolstered by the fact that Petitioner waited 187 days after the termination of the his Rule 3.850 proceedings before filing his federal habeas petition. *See Chavez*, 647 F.3d at 1072-73 (noting the appellant waited for 203 days after the conclusion of his state post-conviction proceedings before seeking relief in the federal court and concluding that the appellant had not acted diligently). Petitioner had 40 days after the conclusion of his Rule 3.850 appeal to timely file his federal habeas petition. However, Petitioner filed a motion for extension of time to file a second Rule 3.850 motion in the state court instead of diligently pursing his federal rights.

Further, Petitioner has not shown that some extraordinary circumstance prevented him from filing a timely federal petition. Petitioner's reply contains no allegations of serious attorney misconduct that was spoken of in *Holland*. The fact that Hall waited 325 days after the mandate issued on direct appeal to file a Rule 3.850 motion amounts to "garden variety" negligence and is not the type of attorney misconduct that warrants equitable tolling. *See Chavez*, 647 F.3d at 1071 (holding post-conviction counsel's failure to "proceed promptly" in filing a state post-conviction motion, which led to the expiration of the federal limitations period, was not the type of attorney misconduct that would trigger equitable tolling). Moreover, as noted, Petitioner had 40 days remaining of the one-year limitations period to file a federal habeas petition.

The Court concludes Petitioner is not entitled to equitable tolling of the one-year limitations period. Thus, Petitioner's untimely petition will not be excused. Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within

the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by General Williams (Doc. No. 7) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

8

**DONE AND ORDERED** in Orlando, Florida, this 24th day of October, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/24
Counsel of Record
General Williams